| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>NASER DERVISEVIC, on behalf of himself<br>and others similarly situated,<br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>WOLFGANG'S STEAKHOUSE, INC. and<br>WOLFGANG ZWIENER, REX<br>FERATOVIC, ZIJO MUSIC, PETER<br>ZWIENER, and STEVEN ZWIENER,<br><br>　　　　　　　　　　　　　　Defendants.<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 8/23/2019<br><br><br>19-cv-814 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

　　WHEREAS on August 23, 2019, the parties appeared for an initial pretrial conference with the undersigned;

　　WHEREAS Plaintiff, as the party invoking federal diversity jurisdiction, bears the burden of demonstrating this Court's subject-matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

　　WHEREAS, absent diversity jurisdiction under 28 U.S.C. § 1332, this Court may exercise supplemental jurisdiction over claims pursuant to New York State and City laws only if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a);

　　WHEREAS "disputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact," *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation omitted);

WHEREAS the Court undoubtedly has original jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, *see* Dkt. 1 (Compl.) ¶¶ 47-55; *see also* 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's wage-and-hour claims under the New York Labor Law, *see* Dkt. 1 (Compl.) ¶¶ 56-71; *see also* 28 U.S.C. § 1367(a);

WHEREAS Plaintiff also asserts claims for race, sex, age, and national-origin discrimination under the New York State and City Human Rights Laws, *see* Dkt. 1 (Compl.) ¶¶ 72-83;

WHEREAS it appears to the Court that the "[f]actual issues central to [Plaintiff's] discrimination . . . claims are irrelevant to [his] FLSA claims"; that "the facts underlying [his] federal and state [discrimination] claims do not substantially overlap"; that "the presentation of the FLSA claims will not necessarily bring the facts underlying" Plaintiff's discrimination claims "before the Court," *Kobeck v. Armonk Bristal LLC*, No. 16-CV-8870, 2018 WL 1406623, at *2-3 (S.D.N.Y. Mar. 19, 2018);

WHEREAS, as a result of the foregoing, it appears to the Court that Counts Seven and Eight of the Complaint do not "derive from a common nucleus of operative fact" as the FLSA claims and that the Court therefore lacks supplemental jurisdiction over those counts, *Achtman*, 464 F.3d at 335; and

WHEREAS this Court must dismiss any action or claim without prejudice if it "determines at any time that it lacks subject-matter jurisdiction over it," Fed. R. Civ. P. 12(h)(3),

IT IS HEREBY ORDERED that no later than **September 13, 2019**, Plaintiff must submit a brief showing cause why his claims for race, sex, age, and national-origin discrimination under the New York State and City Human Rights Laws should not be dismissed without prejudice for lack of supplemental subject-matter jurisdiction.  Plaintiff must file any Amended Complaint by the same date, and his brief must treat any such Amended Complaint as the operative pleading.

Defendant must file a brief responding to Plaintiff's no later than **September 20, 2019**. Plaintiff must file any reply no later than **September 27, 2019**.

IT IS FURTHER ORDERED that Plaintiff's motion to conditionally certify a collective is due no later than **September 20, 2019**. Defendant's response is due no later than **October 11, 2019**. Plaintiff's reply is due no later than **October 18, 2019**.

IT IS FURTHER ORDERED that discovery is STAYED pending the Court's resolution of its subject-matter jurisdiction and Plaintiff's collective motion.

The Court is happy to refer the parties to Magistrate Judge Parker for a settlement conference upon a joint letter request.

**SO ORDERED.**

Date:  **August 23, 2019**  
      **New York, New York**

_____  
**VALERIE CAPRONI**  
**United States District Judge**