19-cv-0814 (VEC)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASER DERVISEVIC,
*on behalf of himself and others similarly situated*,

Plaintiff,

-against-

WOLFGANG'S STEAKHOUSE INC., and
WOLFGANG ZWIENER, REX FERATOVIC,
ZIJO MUSIC, PETER ZWIENER, and STEVEN
ZWIENER,

Defendants.

**DEFENDANTS' RESPONSE BRIEF TO
SHOW CAUSE WHY THE COURT
SHOULD DISMISS PLAINTIFF'S NEW
YORK STATE AND CITY CLAIMS
FOR LACK OF SUPPLEMENTAL
SUBJECT MATTER JURISDICTION**

**MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y. 11501
(516) 747-0300

Gerald C. Waters, Jr., Esq.
Dong Phuong V. Nguyen, Esq.

974224.2

## I. PRELIMINARY STATEMENT

Defendants Wolfgang's Steakhouse, Inc., Wolfgang Zwiener, Rex Feratovic, Zijo Music, Peter Zwiener, and Steven Zwiener (collectively, "Defendants"), by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, submit this brief to show cause why the Court should dismiss Plaintiff's New York State and City claims for lack of supplemental subject matter jurisdiction pursuant to the Court's August 23, 2019 Order.

On January 28, 2019, Plaintiff, Naser Derviservic ("Plaintiff") filed a Complaint, wherein he alleged overtime, minimum wage, spread of hours, and wage notice/wage statement violations pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of a putative collective and class as well as ethnicity, religious, sex, and age discrimination pursuant to the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") on behalf of himself only (the "discrimination claims"). ECF No. 1. On August 19, 2019, Defendants filed an Answer. ECF No. 20.

On August 23, 2019, after the initial pre-trial conference, the Court issued an Order to Show Cause why Plaintiff's discrimination claims under the NYSHRL and NYCHRL should not be dismissed without prejudice for lack of supplemental subject matter jurisdiction ("Order"). ECF No. 22. On September 13, 2019, Plaintiff filed an Amended Complaint, adding allegations of retaliation under the FLSA, NYLL, NYSHRL, and NYCHRL on behalf of himself only ("Amended Complaint"). ECF No. 24. That same day, Plaintiff filed a brief in response to the Court's August 23, 2019 Order wherein Plaintiff argued his newly filed FLSA retaliation claim and the discrimination claims "form part of the same case or controversy" and supplemental jurisdiction should exist. Of course, Plaintiff fails to provide any factual support for this novel theory in his argument to the Court.

Facts necessary to establish the discrimination claims (e.g., comparators' ethnicities, religions, ages, sex, and the manner in which they and Plaintiff were treated on a daily basis) have nothing in common with facts necessary to establish an FLSA retaliation claim (e.g., specific treatment of Plaintiff based solely on his filing of the instant complaint). Indeed, an FLSA retaliation claim may turn on simply whether Plaintiff received the same number of shifts after filing a complaint, whereas Plaintiff's age claim most certainly could not. As the discrimination claims require a broader and different set of facts to establish a *prima facie* case of same, there is no common nucleus and thus no supplemental jurisdiction should exist. Indeed, this Court recently applied a similar analysis in *Jenkins v. Yellowstone Properties, Inc.*, a case in which the Court declined to exercise supplemental jurisdiction over plaintiff's state and city discrimination and retaliation claims, noting "it is apparent that there is insufficient factual or evidentiary overlap between [Plaintiff's state and city discrimination and retaliation claims] and Plaintiff's [federal] claims to confer supplemental jurisdiction." 2019 WL 4392955, at *2 (S.D.N.Y. Sept. 12, 2019) (Caproni, *J.*).

Indeed, the Court should decline to exercise supplemental jurisdiction over the state and city discrimination claims pursuant to 28 U.S.C § 1367(c) as the discrimination claims are issues of state (and city) law and they substantially predominate over the federal claims. Therefore, the Court should dismiss Plaintiff' state and city discrimination claims for lack of supplemental subject matter jurisdiction.

## II. ARGUMENT

A. The Discrimination Claims Do Not Form The Same Case Or Controversy As The Federal Claims.

In a case where there is no diversity jurisdiction, this Court may exercise supplemental jurisdiction over state law claims only if they are so related to claims in

the action over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation omitted).  Claims derive from a common nucleus of operative fact "where the facts underlying [them] substantially overlap[ ]. . . or where presentation of the federal claim necessarily br[ings] the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (citations omitted).  Courts have held there is no "common nucleus of operative fact" where "the employment relationship . . . is the sole fact" connecting the federal claims to the state claims. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468–69 (S.D.N.Y. 2008); *Ozawa v. Orsini Design Associates, Inc.*, 2015 WL 1055902, at *12 (S.D.N.Y. 2015) (dismissing state counterclaim for lack of subject matter jurisdiction where "there is little beyond the employment relationship that joins the [state law claim] with [plaintiff's] overtime claims"); *Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, 2013 WL 5460196, at *2 (E.D.N.Y. Sept. 30, 2013) ("Although Plaintiff argues that both her federal wage and hour claims and her city and state discrimination claims will rely on the same set of facts, specifically the number of hours Plaintiff worked for Defendants, the facts do not 'substantially' overlap to require the Court to exercise its supplemental jurisdiction."); *Hahn v. Rocky Mountain Express Corp.*, 2012 WL 2930220, at *1 (S.D.N.Y. July 16, 2012) ("The only overlap between Plaintiff's wage claims and his age discrimination claim is the fact that both arose in connection with his employment at RMX. Defendant's alleged failure to pay overtime and allegedly age-motivated termination of Plaintiff are, otherwise, entirely separate cases and controversies."); *Rivera v.*

*Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 395 (E.D.N.Y. 2007) (holding connection between plaintiff's state law sexual harassment and federal overtime claims too tenuous when based solely on employment relationship); *Bu ex rel. Bu v. Benenson*, 181 F.Supp.2d 247, 254 (S.D.N.Y. 2001) (holding claims were not part of the same case or controversy where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims).

Here, contrary to Plaintiff's argument, there is no common nucleus of operative facts as the federal claims do not substantially overlap with the state claims. Plaintiff argues his FLSA and NYLL retaliation claims are identical and in doing so, relies on *Day v. City of N.Y.*, 2015 U.S. Dist., Lexis 161206, at *39 (S.D.N.Y. Nov. 30, 2015). Plaintiff's Brief, p. 5. In *Day*, the court exercised supplemental jurisdiction over plaintiff's state and city discrimination and retaliation claims where the court had original jurisdiction over plaintiff's federal discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"). *Id.* Here, there is no such federal equivalent for Plaintiff's state and city discrimination and retaliation claims as <u>Plaintiff did not allege any claims under Title VII</u>. Thus, the Court should disregard Plaintiff's citation to *Day* as inapplicable.

Plaintiff also argues his state and city discrimination claims share a common nucleus of operative facts with the federal retaliation claims as "they necessitate an inquiry into the ongoing working relationship between Plaintiff and Defendants." Plaintiff's Brief, p. 5. Plaintiff's reasoning essentially amounts to arguing the Court should extend supplemental jurisdiction because the claims <u>all arise out of Plaintiff's employment</u>. As explained above, courts have long rejected this line of reasoning. *See e.g.*, *Torres*, 628 F. Supp. 2d at 468–69.

Indeed, this Court recently rejected a similar argument in *Jenkins v. Yellowstone Properties, Inc.*, 2019 WL 4392955, at *2 (S.D.N.Y. Sept. 12, 2019) (Caproni, J.). In *Jenkins*, a case where plaintiff alleged wage-and-hour violations under the FLSA and NYLL, race discrimination under the NYSHRL and NYCHRL, retaliation under the New York State Whistleblower Act, and intentional infliction of emotional distress ("IIED") under state law, this Court declined to exercise supplemental jurisdiction over plaintiff's non-wage-and-hour state claims. *Id.* at *2. In doing so, the Court reasoned:

> [t]he factual issues that are central to Plaintiff's discrimination, hostile-work-environment, whistleblower, and IIED claims—such as whether Plaintiff was a whistleblower under New York law, whether he suffered adverse employment actions, whether racial or whistleblower animus motivated those actions, and whether Plaintiff suffered severe emotional distress as a result of allegedly heinous behavior by Defendants—are irrelevant to Plaintiffs' wage and hour claims, which will be resolved through testimony and documents 'regarding the hours Plaintiff worked and the compensation he received.'

*Id.*, quoting *Kobeck v. Armonk Bristal LLC*, 2018 WL 1406623, at *3 (S.D.N.Y. Mar. 19, 2018).

The Court should apply the same analysis here. Plaintiff's state and city discrimination claims require a different factual analysis than Plaintiff's federal retaliation claim and evidence of Plaintiff's wage and hour claims will differ from evidence of Plaintiff's discrimination claims. Further, in his complaint, Plaintiff does not allege Defendants retaliated against him based on discriminatory animus and instead, rests his retaliation claims solely based on his alleged protected activity of filing the instant lawsuit. *See* Amended Complaint, ¶¶ 51-62. Nor does Plaintiff allege Defendants refused to pay him proper wages in retaliation for filing the instant action. *Id.* Thus, the state and city discrimination and retaliation claims are distinct from the federal claims and there is no substantial factual overlap between the federal claims and the discrimination and retaliation claims under the NYSHRL and NYCHRL. Like in *Jenkins*, the

Court should decline to exercise supplemental jurisdiction here as "resolving the FLSA claim will not bring the facts underlying the NYSHRL [and] NYCHRL . . . before the court." 2019 WL 4392955, at *3 (Caproni, *J.*).

> B. The Court Should Decline to Exercise Supplemental Jurisdiction Pursuant To 28 U.S.C. § 1367(c).

The Court should also decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c), which provides "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." "Nonfederal claims may 'substantially predominate' in terms 'of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Thomas v. EONY LLC*, 2015 WL 1809085, at *7 (S.D.N.Y. Apr. 21, 2015) quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

In considering supplemental jurisdiction under 28 U.S.C. §1367(c), "[a] court will consider whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Dedalus Found. v. Banach,* 2009 WL 3398595, at *5 (S.D.N.Y. Oct. 16, 2009). Courts have declined to exercise supplemental jurisdiction over a plaintiff's discrimination claims in a wage-and-hour action pursuant to 28 U.S.C. § 1367 on the basis that the discrimination claims would require a "substantial amount of additional evidence and involve much broader issues than Plaintiff's straightforward FLSA overtime claim." *Figurowski v. Marbil Inv'rs, LLC*, 2015 WL 4000500, at *4, n. 3 (E.D.N.Y. July 1, 2015); *Hernandez v. Mauzone Home Kosher Prod. of Queens, Inc.*, 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013) (declining to exercise supplemental jurisdiction over age discrimination claim where "age discrimination claims require proof of, *inter alia,* an adverse employment action and circumstances supporting an inference of

discrimination . . . and such proof will be based on evidence and testimony completely superfluous to plaintiff's straight-forward wage claims").

Here, Plaintiff's ethnicity, religious, sex, and age discrimination claims are more complex, will require extensive discovery -- including multiple depositions of alleged witnesses -- and will require more judicial resources to adjudicate than Plaintiff's federal claims. In litigating Plaintiff's wage-and-hour claims, the parties can rely largely on Defendants' meticulous and contemporaneous time and pay records as documentary evidence while by the nature of the discrimination allegations and lack of documentary evidence thereof, the parties will have to rely largely on deposition testimony that is unrelated and broader than the federal claims to litigate the state and city claims. Thus, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C §1367(c).

### C. The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's Discrmination Claims As Doing So Would Be Contrary To Judicial Economy.

Courts have declined to exercise supplemental jurisdiction in the interest of judicial economy where the state claims are unrelated to the federal claims and "would not promote the values of judicial economy and convenience." *Thomas*, 2015 WL 1809085 at *8. A case would not promote judicial economy where it would "require significantly more discovery [and] would result in the engrafting of a distinct, more complicated litigation onto a straightforward wage and hour case." *Id.*

As explained herein, Plaintiff's discrimination and retaliation claims under the NYSHRL and NYCHRL are unrelated to the federal claims and would require substantially different evidence and witnesses in support thereof, thus engrafting a straightforward wage-and-hour case in the quagmire of complicated discrimination litigation. Moreover, contrary to Plaintiff's argument, trying the Plaintiff's discrimination claims in state court and Plaintiff's federal claims

in federal would not result in duplication of efforts as the claims have different elements of proof. The documentary evidence and legal analysis required for a federal overtime claim is completely unrelated to that of an age discrimination claim. Additionally, in the event the Court exercises supplemental jurisdiction, the Court risks prejudicing itself as the Court would have to expend its judicial resources to consider issues that are well within the purview of a New York State Court. Therefore, the Court should decline to exercise supplemental jurisdiction in the interest of judicial economy.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request: (1) the Court dismiss Plaintiff's claims under the New York State Human Rights Law and New York City Human Rights Law for lack of supplemental subject matter jurisdiction; and (2) grant such other and further relief as the Court deems just and proper.

Date:   Mineola, New York
        September 20, 2019

                                            MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                                            By: _____/s/_____
                                            Gerald C. Waters, Jr., Esq.
                                            Dong Phuong V. Nguyen, Esq.
                                            *Attorneys for Defendants*
                                            190 Willis Avenue
                                            Mineola, New York 11501
                                            T: (516) 747-0300

To:   **JOSEPH & KIRSCHENBAUM LLP** (*Via ECF*)
       D. Maimon Kirschenbaum, Esq.
       *Attorneys for Plaintiff*
       32 Broadway, Suite 601
       New York, New York 10004
       T: (212) 688-5640