```
UNITED STATES DISTRICT COURT                                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                                   DOCUMENT
                                                                ELECTRONICALLY FILED
------------------------------------------------------------X   DOC #:_____
NASER DERVISEVIC, on behalf of himself          :               DATE FILED: 11/22/2019
and others similarly situated,                  :
                                     Plaintiff, :
                                                :
              -against-                         :               19-cv-814 (VEC)
                                                :
WOLFGANG'S STEAKHOUSE, INC. and                 :               MEMORANDUM
WOLFGANG ZWIENER, REX                           :               OPINION AND ORDER
FERATOVIC, ZIJO MUSIC, PETER                    :
ZWIENER, and STEVEN ZWIENER,                    :
                                                :
                                    Defendants. :
------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

This is a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case in which the named Plaintiff, Naser Dervisevic, also asserts state (but not federal) discrimination claims. On August 23, 2019, the Court ordered Plaintiff to show cause why his state discrimination claims should not be dismissed without prejudice for lack of supplemental jurisdiction. Dkt. 22. On September 13, 2019, Plaintiff filed an Amended Complaint and a brief in response to the order to show cause. Dkts. 24–25.

Plaintiff's Amended Complaint adds claims for retaliation under FLSA, 29 U.S.C. § 215(a)(3), and various state laws. *See* Am. Compl. at 17, 20, 23–24 (third, eighth, eleventh, and twelfth claims for relief). Plaintiff now argues that his FLSA retaliation claim creates a basis for supplemental jurisdiction over his state discrimination claims because they allegedly all arise from the same events. *See* Pl.'s Br. (Dkt. 25) at 5–6. The Court disagrees. It has jurisdiction over Plaintiff's federal claims and his newly-added state retaliation claims, but it does not have jurisdiction over Plaintiff's state discrimination claims. Accordingly, Plaintiff's ninth and tenth

claims for relief in the Amended Complaint are dismissed without prejudice. *See* Am. Compl. at 21–22.

## BACKGROUND

The Amended Complaint alleges three sets of claims: wage-and-hour claims; ethnic, religious, sex, and age discrimination claims; and retaliation claims.

The wage-and-hour claims consist of prosaic allegations regarding deficient tip credit notices, payments below minimum wage, unpaid off-the-clock work, unpaid overtime, and unpaid spread-of-hours compensation. *Id.* ¶¶ 20-37.

The discrimination claims involve allegations of a handful of specific incidents and ongoing mistreatment between 2015 and 2018. *Id.* ¶¶ 38-52. Plaintiff alleges that individual Defendants and their relatives discriminated against Plaintiff because of his ethnicity, age, religion, and gender.

Plaintiff's retaliation claims, by contrast, involve incidents of alleged retaliation in 2019 following the commencement of this lawsuit on January 28, 2019.[1] *Id.* ¶¶ 53-64. In addition to allegations of generalized mistreatment, Plaintiff alleges two incidents in which the persons

---

[1] All of Plaintiff's retaliation claims require proof that he engaged in activity protected by the relevant statute, whether it is complaining about violations of applicable wage-and-hour laws or complaining about discrimination. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843–44 (2d Cir. 2013); *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011). Chronologically, the first act of protected activity alleged in the Amended Complaint is filing this lawsuit, which occurred on January 28, 2019. *See* Compl. (Dkt. 1). Although the Complaint vaguely alleges that "harassment continued and intensified" after he complained in 2018 to Defendants' human resources officer that he was being treated badly, Am. Compl. ¶ 51, the Amended Complaint does not allege that Plaintiff complained to the human resources officer about discrimination. Because generalized complaints about being treated badly do not constitute protected activity under the state discrimination laws Plaintiff has evoked, *see Fenner v. News Corp.*, No. 09-CV-9832, 2013 WL 6244156, at *25 (S.D.N.Y. Dec. 2, 2013), the facts underlying his retaliation claims necessarily start when he first engaged in protected activity, which was on January 28, 2019.

abusing him specifically tied their ill-treatment of him to the fact that he had filed a lawsuit.[2] *Id.* ¶¶ 60, 62.

## DISCUSSION

As the Court stated in its order to show cause, Plaintiff, as the party invoking federal jurisdiction, bears the burden of demonstrating that the Court has subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Absent diversity jurisdiction under 28 U.S.C. § 1332,[3] the Court may exercise supplemental jurisdiction over claims pursuant to state and local laws only if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quotation omitted). Plaintiff has not met that burden.

Plaintiff appears to have abandoned any argument that his FLSA wage-and-hour claims derive from the same bundle of operative facts as his claims for race, sex, age, and religious discrimination under the New York State and City Human Rights Laws. For good reason; it is well-established that federal wage-and-hour claims, which can be "resolved through testimony and documents 'regarding the hours Plaintiff worked and the compensation he received,'" are, in general, factually distinct from state discrimination claims, which turn on "whether [Plaintiff] suffered adverse employment actions, [and] whether racial or [other discriminatory] animus motivated those actions." *Jenkins v. Yellowstone Properties, Inc.*, No. 17-CV-7764, 2019 WL

---

[2] The Court expresses no opinion whether those allegations are sufficient to state a claim of retaliation against Defendants, but notes that both incidents appear to involve activity by other employees, not by managers.

[3] The Amended Complaint alleges only federal question and supplemental jurisdiction. Am. Compl. ¶ 1.

4392955, at *2 (S.D.N.Y. Sept. 12, 2019) (quoting *Kobeck v. Armonk Bristal LLC*, No. 16-CV-8870, 2018 WL 1406623, at *3 (S.D.N.Y. Mar. 19, 2018)). Plaintiff's case is no exception. The employment relationship between Plaintiff and Defendants would be the "sole fact" connecting his discrimination claims to his FLSA claims, and that relationship is not enough to sustain supplemental jurisdiction. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468–69 (S.D.N.Y. 2008); *see Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, No. 12-CV-2327, 2013 WL 5460196, at *2 (E.D.N.Y. Sept. 30, 2013) ("Although Plaintiff argues that both her federal wage and hour claims and her city and state discrimination claims will rely on the same set of facts, specifically the number of hours Plaintiff worked for Defendants, the facts do not 'substantially' overlap to require the Court to exercise its supplemental jurisdiction."); *Hahn v. Rocky Mountain Express Corp.*, No. 11-CV-8512, 2012 WL 2930220, at *1 (S.D.N.Y. July 16, 2012) ("The only overlap between Plaintiff's wage claims and his age discrimination claim is the fact that both arose in connection with his employment . . . Defendant's alleged failure to pay overtime and allegedly age-motivated termination of Plaintiff are, otherwise, entirely separate cases and controversies.").

Plaintiff argues, instead, that his new "federal and state retaliation claims cover almost identical facts," and that his "state and local discrimination claims will require analysis and discovery regarding the Parties' working relationship, much of which will also be covered in litigating the retaliation claims." Pl.'s Br. at 6. Plaintiff's first point may be true, but it is not relevant. The question is whether his federal FLSA retaliation claim and his state *discrimination* claims arise from common facts. As to Plaintiff's second point—that litigating the retaliation claims will require an analysis of the facts underlying his discrimination claim—the Court disagrees. There is minimal overlap between the facts necessary to litigate Plaintiff's FLSA retaliation claim, which will rise and fall on actions taken after this lawsuit began, and the facts

4

necessary to litigate his state discrimination claims, which will cover over two years of workplace activities preceding the filing of case.

### I. Plaintiff's FLSA Retaliation Claim Does Not Create Supplemental Jurisdiction Over His State Discrimination Claims

FLSA provides that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [FLSA]." 29 U.S.C. § 215(a)(3). FLSA retaliation claims follow the same burden-shifting framework as Title VII claims: "a plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Thus, Plaintiff will have to prove, as the Amended Complaint purports to allege, that Defendants took adverse employment actions against Plaintiff because he filed an FLSA lawsuit. *See* Am. Compl. ¶¶ 53-64.

Although this proof may bring in limited facts about the employment relationship as it existed prior to the filing of this lawsuit, those facts will not substantially overlap with the facts underlying Plaintiff's state discrimination claims. Plaintiff suggests that Defendants may try to defend themselves against the retaliation claim by "impugning Plaintiff's job performance," and "such an analysis will necessarily involve an investigation as to Plaintiff's performance prior to the filing of this lawsuit and Defendants' treatment of him." Pl.'s Br. at 5–6. That may be true, but the allegations relating to Plaintiff's discrimination claims involve events dating as far back as late 2015. *See, e.g.*, Am. Compl. ¶ 49. Plaintiff's proof and Defendants' defense of the discrimination charges will require delving into Defendants' treatment of Plaintiff and other

5

similarly situated employees, Defendants' knowledge *vel non* of Plaintiff's religion, age, and ethnicity, and the connection between Plaintiff's membership in a protected class and Defendants' ill-treatment of him. None of those facts will be relevant to his retaliation claim.

Plaintiff's theory that the retaliation and discrimination claims are related because "Defendants intensified their discriminatory treatment of Plaintiff" has some visceral appeal, but it does not remedy the core problem. Pl.'s Reply (Dkt. 31) at 3. The facts necessary to determine whether Defendants' poor treatment of Plaintiff in early 2019 was "motivated by Plaintiff's filing of this lawsuit," *id.*, do not overlap in any meaningful way with the facts necessary to prove that *earlier* ill-treatment was motivated by an animus towards Plaintiff's membership in a protected class. *See Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 394 (E.D.N.Y. 2007) ("[C]ourts have held that there is no common nucleus of operative fact where the events underlying the federal claims occur at a different time than the events underlying the state claims."). In short, Plaintiff's prima facie cases involve proof of different motivations during different times based on different events.

The irreducible bottom-line is that the main connection between the FLSA retaliation claim and the state discrimination claims is the fact of Plaintiff's employment. Even if the post-2019 adverse actions that Plaintiff alleges were retaliatory were also motivated by animus based on Plaintiff's membership in a protected class, the complexity and evidence necessary for Plaintiff to prove his state discrimination claims, spanning two-and-a-half years before 2019, would be still substantially differ and predominate. The Court therefore holds that Plaintiff's state discrimination claims do not derive from the same common nucleus of operative fact as his FLSA retaliation claim, and, even if they did, the Court would nonetheless decline to exercise supplemental jurisdiction over them because they would predominate over his FLSA retaliation claim. *See* 28 U.S.C. §§ 1367(a), (c).

The Second Circuit's decision in *Treglia v. Town of Manlius*, 313 F.3d 713 (2d Cir. 2002), on which Plaintiff relies, is not to the contrary. *See* Pl.'s Br. at 6. In *Treglia*, the plaintiff filed federal and state discrimination claims against his employer. 313 F.3d at 716. He also filed federal and state retaliation claims for his employer's conduct preceding the lawsuit but after he first complained of discrimination. 313 F.3d at 716–20. The district court ruled against the plaintiff on his federal discrimination and retaliation claims—brought under the Americans with Disabilities Act ("ADA")—but the only federal claim on appeal was his ADA retaliation claim. *Id.* at 718, 722. The Second Circuit held: "Supplemental jurisdiction in this case is proper [over the plaintiff's state discrimination claim] because [the plaintiff's] state discrimination claim arises out of approximately the same set of events as his federal [ADA] retaliation claim." *Id.* at 723. Similarly, in *Holohan v. Newmark & Co. Real Estate, Inc.*, No. 18-CV-6275, 2019 WL 4743883, at *4 n.2 (S.D.N.Y. Sept. 16, 2019), Judge Nathan exercised supplemental jurisdiction over a state claim of sex discrimination because it arose from the same bundle of facts as the plaintiff's Title VII claim of retaliation. The Title VII retaliation claim, like the ADA retaliation claim in *Treglia*, was based on retaliation against the plaintiff for pre-lawsuit complaints about discrimination. *Id.* at *5.

In contrast, in this case, federal question jurisdiction derives only from Plaintiff's FLSA claim and his claim for FLSA retaliation. There is no claim of ADA or Title VII retaliation based on complaints of discrimination, let alone complaints of discrimination that preceded filing the lawsuit. The retaliated-against action in this case—filing a wage-and-hour lawsuit—has no connection to discrimination. Thus, even if Judge Nathan is correct that *Treglia* stands for the broad proposition that "when a court has federal question jurisdiction over a claim of retaliation, supplemental jurisdiction extends to claims arising out of the initial conduct that Plaintiff claimed was discriminatory," *id.* at *4 n.2 (quoting *Treglia*, 313 F.3d at 723), that holding is

7

simply inapposite here. Plaintiff's FLSA retaliation claim provides supplemental jurisdiction for Plaintiff's state retaliation claims, but that is where the supplemental jurisdiction chain terminates. Neither *Treglia* nor *Holohan* holds to the contrary.[4]

## CONCLUSION

Because the Court must dismiss any action or claim without prejudice if it "determines at any time that it lacks subject-matter jurisdiction over it," Fed. R. Civ. P. 12(h)(3), the ninth and tenth claims for relief in the Amended Complaint are DISMISSED without prejudice.

The Court lifts the stay on discovery in this case. No later than **November 27, 2019**, the parties must submit a proposed case management plan according to this Court's Individual Rules to proceed with discovery on the remaining federal and state wage-and-hour claims and FLSA and state retaliation claims.

**SO ORDERED.**

**Date: November 22, 2019**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[4] Plaintiff also relies on *Day v. City of New York*, No. 15-CV-4399, 2015 WL 10530081 (S.D.N.Y. Nov. 30, 2015), *report and recommendation adopted*, 2016 WL 1171584 (S.D.N.Y. Mar. 22, 2016), but for the same reasons *Treglia* is distinguishable, so too is *Day*. Supplemental jurisdiction over the state discrimination claim in that case was tied to a federal Title VII retaliation claim where the events underlying the claims substantially overlapped. *See id.* at *2–4, *7–12.